In re Ludwig KAISER and Erica
Kaiser, Debtors.

Milton G. FRIEDMAN,
Trustee, Plaintiff,

v.

Ludwig KAISER and Erica
Kaiser, Defendants.

Bankruptcy No. 88–02187–BKC–SMW.
Adv. No. 88–0478–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Dec. 29, 1988.

780

Arthur C. Neiwirth, Fort Lauderdale, Fla., for trustee.

Milton G. Friedman, Fort Lauderdale, Fla., trustee.

Howard P. Alterman, Pompano Beach, Fla., for debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the complaint of Milton G. Friedman (the "trustee") against Ludwig Kaiser and Erica Kaiser, (the "debtors") objecting to the debtors' discharge, pursuant to 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

The debtors filed for bankruptcy in June 1988 and did not disclose certain business interests and assets on their schedules. The debtors sold auto parts and conducted business out of two locations that were not disclosed on their petition. Furthermore, the debtors failed to list their ownership and proprietary interest in Ludwig's German Auto Parts and A & E Used German Auto Parts, Inc.

At the First Meeting of Creditors the debtors disclosed the existence of a warehouse, but did not disclose that there were any assets located therein, nor did they disclose the existence of any other address where they conducted business. No amendments to the schedules were filed concerning any of the omitted information despite a request by trustee's counsel that amendments be filed. Eventually, assets in excess of $30,000.00 were discovered in a warehouse rented by the debtors. Mr. Kaiser confirmed that the warehouse was leased to him and that the auto parts located therein was his property. Auto parts were also discovered in another warehouse which the debtors alleged belonged to their son in Germany. The debtors alleged that the auto parts were shipped to his wife and daughter so that they could commence a business. The business was never commenced and the debtors liquidated the assets on behalf of and for the benefit of their son. However, the debtors retained a portion of the proceeds from the sale of the auto parts and did not disclose the amount of the sale on their schedules.

■ Prior to the commencement of the trial, the trustee voluntarily dismissed Count III and proceeded only as to Counts I and II. The trustee alleges that the debtors' discharge should be denied under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A). A debtor is entitled to discharge under 11 U.S.C. § 727(a)(2)(A) unless "the debtor with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition." The intent necessary to deny a debtor's discharge to hinder, delay or defraud a creditor may be based upon circumstantial evidence or inferences drawn from the course of conduct. *In re Topping,* 84 B.R. 840 (Bankr.M.D.Fla.1988).

■ The trustee further alleges that the debtors discharge should be denied under 11 U.S.C. § 727(a)(4)(A) because "the debtor knowingly and fraudulently, in or in

connection with the case made a false oath or account." The purpose of 11 U.S.C. § 727(a)(4)(A) is to ensure that adequate information is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the information is true. *In re Watkins,* 84 B.R. 246 (Bankr.S.D.Fla.1988). In addition, a false oath in a bankruptcy petition is not cured by subsequent testimony during the administration of the bankruptcy. *Zangen v. Glickman (In re Glickman),* 64 B.R. 616 (Bankr.S.D.Fla.1986). Also, it makes no difference that the debtor did not intent to injure his creditors when a false oath was made, what is relevant is the fact that the creditors are entitled to judge for themselves what will benefit and what will prejudice them. *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616 (11th Cir.1984). Furthermore, the materiality of the false oath does not require that the creditors be prejudiced by the omission or false statement; instead materiality depends on whether the false oath was pertinent to the discovery of assets, business dealings or past transactions. *National Bank of Pittsburg v. Butler (In re Butler),* 38 B.R. 884, 889 (Bankr.D.Kan.1984); *In re Wasserman,* 33 B.R. 779, 780 (Bankr.S.D.Fla. 1983).

■ The Court finds that the debtors failed to disclose on their schedules the existence and location of two warehouses from which they conducted business. Furthermore, the debtors failed to list their ownership interest in two auto parts businesses and disclose the proceeds obtained from the sale of certain auto parts located in a second warehouse within one year before the date of filing for bankruptcy. Therefore, this Court finds that the actions of the debtors were intentional and calculated as an attempt to conceal assets from the trustee in violation of 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A).

Based upon the foregoing facts, the debtors' discharge is denied under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A).

A separate Final Judgment of even date has been entered in conformity herewith.