### In re Howard GOLLOMP, Debtor.

### PAINEWEBBER INCORPORATED, Plaintiff–Appellant,

v.

### Howard GOLLOMP, Defendant–Appellee.

### No. 96 Civ. 364 (DAB).

United States District Court,
S.D. New York.

July 17, 1996.

Joseph D'Elia, Huntington, NY (Justin Sacca, of counsel), for Plaintiff–Appellant.

Feldman & Gany, New York City (Richard B. Feldman, of counsel), for Debtor/Defendant–Appellee.

*MEMORANDUM and ORDER*

BATTS, District Judge.

Plaintiff appeals the decision of United States Bankruptcy Judge James Garrity.

## I. FACTUAL BACKGROUND

Plaintiff-appellant, Painewebber Incorporated ("Painewebber"), is the former employer of Howard Gollomp, the debtor ("Debtor"). *Painewebber v. Gollomp*, No. 93–41210, slip op. at 2 (Bankr.S.D.N.Y. Nov. 22, 1995). When Debtor was hired, he received a lump sum of $200,000.00 representing advanced compensation to be earned over a

three year period. (*Id.* at 2–3.) When Debtor was terminated, Painewebber demanded repayment of the portion of the advanced compensation not yet earned. (*Id.* at 3.) The dispute was referred to the National Association of Securities Dealers for arbitration and Painewebber then brought an action in the New York State Supreme Court, New York County, to confirm the arbitration award. (*Id.*) On September 14, 1992, that court entered a judgment against Debtor in the sum of $90,701.05. (*Id.*)

On December 29, 1992, Painewebber deposed Debtor seeking to obtain information concerning his assets, in order to attempt to recoup the Judgment. In February 1993, Painewebber instituted a special proceeding to compel Debtor to turn over shares of a cooperative apartment in order to satisfy the Judgment. (*Id.*) On March 10, 1993, Debtor filed for bankruptcy under Chapter 13. This was converted to a Chapter 11 and then to a Chapter 7 proceeding on September 16, 1993. (*Id.* at 3–4.)

Painewebber commenced an adversary proceeding by filing a complaint and then an amended complaint seeking to deny Debtor a discharge and to dismiss the petition pursuant to Section 727(a) of the Bankruptcy Code. (*Id.* at 4.) Painewebber alleged that Debtor should be denied a discharge pursuant to Section 727(a)(4)(A) and Section 727(a)(4)(B) because he failed to disclose several assets in his bankruptcy petition and made false oaths and claims as to other assets. (*Id.* at 4–5.) Painewebber also alleged that Section 727(a)(2)(A) barred Debtor's discharge because he fraudulently transferred $175,000.00 from an account with the Lehman Brothers Inc. ("the Lehman Account") to Everlink[1] in 1991, and then concealed that transfer during the year immediately prior to the filing of his Chapter 13 petition. (*Id.* at 5.) Judge Garrity dismissed Painewebber's amended complaint and Judgment was thereupon entered on November 22, 1995. Painewebber now appeals several of Judge Garrity's findings.

## II. DISCUSSION

### A. Standard of Review

 Orders issued by a bankruptcy court are subject to appellate review pursuant to Bankr.R. 8013. The district court reviews the bankruptcy court's findings of fact under a clearly erroneous standard, and any conclusions of law *de novo*. *Green Point Bank v. Treston,* 188 B.R. 9, 11 (S.D.N.Y. 1995); *In re Prudential Lines, Inc.,* 170 B.R. 222, 228 (S.D.N.Y.1994) (citing *Brunner v. New York State Higher Educ. Servs.,* 831 F.2d 395, 396 (2d Cir.1987); *International Ass'n of Machinists v. Eastern Air Lines, Inc.,* 121 B.R. 428, 432 n. 5 (S.D.N.Y.1990), *aff'd,* 923 F.2d 26 (2d Cir.1991)); *see also* Bankr.R. 7052 and Fed.R.Civ.P. 52. Deference is given to the original fact finder because of that court's expertise and superior position to make determinations of credibility. *In re Tully,* 818 F.2d 106, 109 (1st Cir.1987) (citing *Anderson v. City of Bessemer,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). "Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources." *Id.* at 109 (quoting *Wainwright v. Sykes,* 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977)).

### B. The Findings Appealed

The issues to be decided are (1) whether the Bankruptcy Court erred in finding that Debtor's failures to disclose information in his bankruptcy schedules were innocent oversights, and not "false oaths," pursuant to Bankruptcy Code Section 727(a)(4)(A), (2) whether the court erred in finding that the omissions in the bankruptcy schedules, taken together, did not constitute reckless disregard for the truth, sufficient to deny a discharge pursuant to Section 727(a)(4)(A), (3) whether the court erred in finding that the $60,000.00 loan from Reba Weaver to Debtor was not a fictitious claim within the meaning of Section 727(a)(4)(B), and (4) whether the

---

**1.** At the time of trial, Debtor was an officer and 34% shareholder of a company called Everlink. (*Painewebber v. Gollomp,* slip op. at 2.) A personal loan from Debtor to Everlink forms the basis for some of Painewebber's claims.

court erred in finding that Debtor adequately disclosed the alleged Everlink loan, and thus did not conceal a prior fraudulent transfer within the meaning of Section 727(a)(2)(A).

### 1. The Omissions from the Bankruptcy Schedules

■ Section 727(a)(4)(A) provides that: (a) The court shall grant the debtor a discharge, unless—

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>> (A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A). This section is intended to ensure "that adequate information is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the information is true." *In re Kaiser*, 94 B.R. 779, 781 (Bankr.S.D.Fla. 1988); *see In re Arcuri*, 116 B.R. 873, 879–80 (Bankr.S.D.N.Y.1990).

■ As the party objecting to Debtor's discharge under Section 727(a)(4)(A), Painewebber must prove, by a preponderance of the evidence,[2] that: (1) Debtor made a statement under oath, (2) such statement was false, (3) Debtor knew the statement was false, (4) Debtor made the statement with the intent to defraud creditors, and (5) the statement related materially to the bankruptcy case. *In re Kelly*, 135 B.R. 459, 461 (Bankr. S.D.N.Y.1992); *Arcuri*, 116 B.R. at 880. The party objecting to discharge must show that a debtor omitted information which he knew should have been disclosed in his schedules for the specific purpose of misleading his creditors "and not simply because the debtor was careless or failed to fully understand his attorney's instructions." *Kelly*, 135 B.R. at 461; *Arcuri*, 116 B.R. at 885. Accordingly, "[w]here it reasonably appears that the oath is false, the burden falls upon the debtor to come forward with evidence to prove that it was not an intentional misrepresentation."

*Arcuri*, 116 B.R. at 884. If the debtor fails to provide such evidence or a credible explanation for his failure to do so, a court may infer fraudulent intent. *Id.*; *Silverstein*, 151 B.R. at 662–63. Whether the debtor made a false oath within the meaning of Section 727(a)(4)(A) is a question of fact. *Avallone v. Gross*, 309 F.2d 60, 62 (2d Cir.1962); *Arcuri*, 116 B.R. at 880.

Debtor omitted the following assets from his bankruptcy petition: a 1988 Donzi Regatta Speedboat; two bank accounts, one at Bank Leumi and one at Chemical Bank, which Debtor closed within a year of filing; and $2,217.00 of salary from Everlink, which Debtor received within two years before filing of his petition. *Painewebber v. Gollomp*, slip op. at 7. In addition, Painewebber contends that Debtor did not disclose an alleged loan from Debtor to Everlink of $175,000.00, while Debtor claims that reference to this transfer on the bankruptcy schedules was adequate disclosure. *Id.* Judge Garrity carefully considered Painewebber's objections to the discharge and credited Debtor's explanations for the omissions. Painewebber has not presented any new evidence or compelling reason why these determinations were clearly erroneous.

The Bankruptcy Court credited Debtor's contention that he believed, although erroneously, that the boat was repossessed because a bank had a lien on the boat at the time of filing. This was corroborated by the fact that Debtor initially listed the boat but then crossed it out. The Bankruptcy Court's opinion does not specifically address the fact that Debtor did not list the boat as an item repossessed within the past year under item 5 of his Statement of Financial Affairs.[3] (R. at 305.)[4] However, because the Bankruptcy Court had this Statement before it, and still found that Debtor did not intentionally omit this information, this Court cannot find that decision to be clearly erroneous. Hence, Painewebber failed to meet its burden.

---

**2.** *In re Silverstein*, 151 B.R. 657, 660 (Bankr. E.D.N.Y.1993).

**3.** Item 5 asks petitioners to list all repossessions, foreclosures, and returns. Debtor checked "None" in response to this question.

**4.** "R." will be used to refer to those pages found in the "Record".

The Bankruptcy Court credited Debtor's testimony that he failed to disclose the two bank accounts because they both contained nominal sums, and found Painewebber did not meet its burden of proof. Although Debtor must disclose every asset regardless of the value, *Arcuri*, 116 B.R. at 881, Painewebber must show that the information was omitted for the specific purpose of perpetrating a fraud and not due to carelessness. *Kelly*, 135 B.R. at 461; *see also Arcuri*, 116 B.R. at 881 ("de minimis value ... may tend to vitiate the debtor's fraudulent intent"). Painewebber did not present any evidence on appeal or in the record to establish Debtor's fraudulent intent. Hence, the Bankruptcy Court's factual findings were not clearly erroneous. Adopting the Bankruptcy Court's factual findings, as the Court must, Painewebber has failed to meet its burden.

The Bankruptcy Court found that Debtor's failure to disclose the $2,217.00 salary from Everlink in 1991, was an innocent oversight. Debtor testified that he inadvertently forgot to include this income because he did not review his 1991 tax returns in his haste to file the Chapter 13 petition, in order to avoid foreclosure on his cooperative apartment. Painewebber contends that Debtor had a month's notice of the foreclosure so that this excuse is incredible. This is not a sufficient reason to find a judge's finding clearly erroneous. Once again there is nothing to indicate that Painewebber met its burden.

The Bankruptcy Court found that Debtor had not listed the Everlink loan of $175,-000.00 or the accrued but unpaid salary totalling $48,000.00, under item 17 of schedule B, which requires disclosure of "liquidated debts owing debtor including tax refunds." Nonetheless, the Bankruptcy Court found that Debtor adequately, if incorrectly, disclosed both the loan and the unpaid salary. Judge Garrity found that Debtor disclosed his income on Schedule I under current income with the notation: "CEO Everlink. Company is start up which if funding is obtained will be obligated to pay Debtor salary at annual rate of @ $48,000 initially. Expected within the month." The alleged Everlink loan was disclosed on Schedule B at item 11 where Debtor lists the Lehman Account and notes that the only asset is a promissory note from Everlink with unknown value because Everlink is insolvent. Judge Garrity, as fact finder, explicitly considered the same evidence presented in Painewebber's appellate brief and found the disclosure to be satisfactory. There is nothing on the record to indicate that this finding was clearly erroneous.

### 2. Whether Omissions Constitute Reckless Disregard For the Truth

 A Debtor shall be denied a discharge if he is found to have exhibited a "reckless indifference to the truth." *In re Tully*, 818 F.2d 106 (1st Cir.1987). The Second Circuit has recognized that fraudulent intent may be inferred from a series of incorrect statements contained in the schedules. *In re Casado*, 187 B.R. 446, 450 (Bankr. E.D.N.Y.1995) (citing *Diorio v. Kreisler-Borg Constr. Co.*, 407 F.2d 1330, 1331 (2d Cir.1969); *In re Kaiser*, 722 F.2d 1574, 1583 n. 4 (2d Cir.1983)); *In re Wolfson*, 139 B.R. 279, 288 (Bankr.S.D.N.Y.1992), *aff'd*, 152 B.R. 830 (S.D.N.Y.1993); *Arcuri* 116 B.R. at 883 ("a court may infer fraudulent intent ... from a debtor's reckless indifference to or cavalier disregard for the truth"). The standard is applied when a pattern of conduct evinces an "obvious pattern of deceit which flies in the face of the true purpose of the Bankruptcy Code." *Casado*, 187 B.R. at 450. That is not the case in this instance. Judge Garrity has fully credited, and the Court has affirmed Debtor's explanation for all of the omissions. Even taken together, there was ample evidence in the record to support a reasoned conclusion by the bankruptcy judge[5] that Debtor did not exhibit reckless indifference to the truth, hence his finding was not clearly erroneous.

---

**5.** Although Painewebber contends this was never addressed by the Bankruptcy Court, Judge Garrity explicitly considered and rejected Painewebber's argument. Judge Garrity states "Plaintiff contends the many undisclosed assets, coupled with debtor's conversion of his chapter 13 case to a case under chapter 11 at a time when Everlink could not be the source of funding for debtor's proposed reorganization, evidences a pattern of deceit...." *Painewebber v. Gollomp*, slip op. at 16.

### 3. *The loan from Reba Weaver*

 Reba Weaver is a close associate of Debtor. The bankruptcy schedules listed a $60,000.00 debt to Reba Weaver under Schedule E, "Creditors Holding Unsecured Priority Claims." (R. at 297.) Two checks from Weaver with the notation "loan" were admitted into evidence. (R. at 90.) Painewebber contends that this money does not actually have to be repaid and hence is not truly a loan. Painewebber rests its allegation on the fact that at the 1992 deposition, Debtor answered "no" when asked whether he had received $1,000.00 or more from family members or friends within the past year. This was presented as evidence during the trial.

 The Bankruptcy Court found that the debt owed to Reba Weaver was not a fictitious claim within the meaning of Bankruptcy Code § 727(a)(4)(B). Section 727(a)(4)(B) states that:

(a) The court shall grant the debtor a discharge, unless—

(4) The debtor knowingly and fraudulently, in or in connection with the case—

(B) presented or used a false claim.

11 U.S.C. § 727(a)(4)(B). To deny a debtor's discharge under Section 727(a)(4)(B), the debtor must have presented or used an inflated or fictitious claim in a bankruptcy case, with intent to defraud. *In re Natale*, 136 B.R. 344, 349 (Bankr.E.D.N.Y.1992); *In re Overmyer*, 121 B.R. 272, 282 (Bankr.S.D.N.Y. 1990); *Arcuri*, 116 B.R. at 886.

Judge Garrity was troubled by Debtor's failure to mention the Weaver loan at the deposition, *Painewebber v. Gollomp*, slip op. at 15, but nonetheless credited Debtor's testimony that he innocently overlooked this loan during the deposition because he did not have his papers with him at the time. (*Id.*) There is evidence in the record to support this conclusion. Debtor testified that he solicited funds from family and friends for the financially troubled Everlink. (R. at 89.) This is corroborated by the Bankruptcy Court's uncontested finding that a similar loan from Debtor's father was legitimate. (*Painewebber v. Gollomp*, slip op. at 14.)

Debtor also testified that these loans would be paid back as soon as Everlink became a viable entity. (R. at 96.) It is not out of the ordinary for entrepreneurs to solicit start up capital and other funding from family and friends who have every expectation of being repaid. Hence, once again Judge Garrity's decision cannot be said to be clearly erroneous.

### 4. *Concealment of the $175,000.00 Loan*

 Approximately in December 1991, Debtor transferred $175,000.00 from an account with Lehman Brothers Inc. to Everlink. (R. at 80–81.) Painewebber contends that Debtor concealed this transfer by not disclosing it during the 1992 deposition. Painewebber argues that the Bankruptcy Court misinterpreted Section 727(a)(2)(A), and the relevant case authority, to support the court's conclusion that Painewebber failed to meet its burden of proof.

 Section 727(a)(2)(A) provides that:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the fling of the petition.

11 U.S.C. § 727(a)(2)(A). To state a claim under Section 727(a)(2)(A), Painewebber must show:

(1) that the act complained of was done during the one year period immediately prior to the date the petition was filed;

(2) the act was done with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under the Bankruptcy Code;

(3) the actor was the debtor or his duly authorized agent; and

(4) the act consisted of transferring, removing, destroying, or concealing any of

debtor's property, or permitting any of those acts to be done.

*Silverstein,* 151 B.R. at 660.

The actual transfer of property occurred fifteen months prior to the filing of the Chapter 13 petition. Hence, the transfer itself falls outside the one-year statutory period. 11 U.S.C. § 727(a)(2)(A). However, courts have applied Section 727(a)(2)(A) to transfers effected outside the one year period where the transfer is concealed during the one-year statutory period. *Rosen v. Bezner,* 996 F.2d 1527, 1532–33 (3d Cir.1993); *Silverstein,* 151 B.R. at 661. This standard applies here. As the Bankruptcy Court found and which is not contested, the transfer itself was made with fraudulent intent, hence, the only issue for this Court to determine is whether the Debtor, with the intent to hinder, delay, or defraud a creditor, concealed [6] the loan during the year prior to the filing of the Chapter 13 petition. *Rosen,* 996 F.2d at 1533.

■■■ As a Debtor will usually not admit to intending to act in a fraudulent way, fraudulent intent may be inferred from the facts and circumstances of the case. *Silverstein,* 151 B.R. at 660. For example, intent to defraud may be inferred when the following "badges of fraud" are present:

(1) the lack or inadequacy of consideration;

(2) a family, friendship or close associate relationship between the parties;

(3) the retention of position, benefit or use of the property in question;

(4) the financial condition of the party sought to be charged both before and after the transaction in question;

(5) the existence of cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suit by creditors; and

(6) the general chronology of the events and transactions under inquiry.

*Kaiser,* 722 F.2d at 1582–83; *Silverstein,* 151 B.R. at 660–61. Many of these "badges" apply more appropriately to transfers.

■■■ The burden of proof must be borne by a plaintiff seeking to sustain an objection to discharge. *In re Bodenstein,* 168 B.R. 23, 28 (Bankr.E.D.N.Y.1994). Once sufficient evidence is presented by the plaintiff to satisfy the burden of going forward with the evidence, the burden thereafter shifts to the debtor to provide evidence to rebut the plaintiff's *prima facie* case. *Id.* The plaintiff, however, always bears the ultimate burden of proving, by a preponderance of the evidence, the essential elements of an alleged objection to discharge. *Id.*

Applying Section 727(a)(2)(A), relevant case law and the *Kaiser* standards, 722 F.2d at 1583, the Court finds that Painewebber has failed to state a *prima facie* case of intentional concealment. At the time of the alleged concealment, *i.e.* the 1992 deposition, Debtor did not reasonably expect to be repaid by Everlink because it was insolvent. Hence, in a deposition used to elicit information about assets to satisfy a judgment, it is not unreasonable to conclude Debtor's omission was not intentional, when asked whether "anyone" owed Debtor money. Furthermore, as Judge Garrity found, Painewebber did not ask the Debtor about a pension fund or other profit-sharing plan; and, hence Debtor was not assisted by Plaintiffs in providing this information. A question about a pension fund would be the question most likely to illicit information about the Everlink "loan." Finally, because Everlink was insolvent, Debtor had no property to conceal, a factor which goes to show lack of fraudulent intent and in some cases lack of concealment. *Rosen,* 996 F.2d at 1532–33. Hence, this evidence does not support a conclusion that Debtor's omission or alleged concealment was intentionally fraudulent.

■■■ Furthermore, the Bankruptcy Court found that the disclosure of the alleged Everlink loan on the bankruptcy schedules was sufficient to find that Debtor did not conceal this transfer, and to put any creditors on notice. This Court agrees. Disclosure at the first creditor's meeting tends to indicate that there was no fraudulent intent. *In re Adeeb,* 787 F.2d 1339, 1345 (9th Cir.1986); *Thompson v. Eck,* 149 F.2d 631, 634 (2d Cir.1945); *In re Doody,* 92 F.2d 653 (7th

---

6. Concealment has been defined as "placing assets beyond the reach of creditors or withholding knowledge thereof by failure or refusal to divulge owed information." 4 *Collier on Bankruptcy* ¶ 727.02 at 727–30 (Lawrence P. King et al. eds., 15th ed. 1995).

Cir.1937).[7] Debtor's disclosure on the bankruptcy schedules mitigates against a finding of intent to defraud, as the information was sufficient to put creditors on notice of the transfer.

Painewebber has failed to present evidence upon which one can infer the alleged concealment at the 1992 deposition was motivated by actual fraudulent intent, and hence does not state a *prima facie* case for relief under Section 727(a)(2)(A).

## III. CONCLUSION

For the reasons set forth above, the Judgment and Order below dated November 22, 1995, is hereby affirmed. The Clerk of the Court is directed to close the case.

SO ORDERED.

---

7. In its appellate brief, Painewebber contends that several cases were misapplied by the Bankruptcy Court. It is not necessary to examine all of these authorities for the purpose of this decision.