**In re Joel M. HANDEL, Debtor.**

**HSBC Bank USA, Plaintiff,**

**v.**

**Joel M. Handel, Defendant.**

**Bankruptcy No. 01–40758 (JHG).**
**Adversary No. 01–8018(JHG).**

United States Bankruptcy Court,
S.D. New York.

Sept. 5, 2001.

David J. McNamara, William M. Rossi–Hawkins, Michael J. DiLeo, Phillips, Lytle, Hitchcock, Blaine & Huber, L.L.P., New York City, Joseph H. Baldiga, Christine Devine, Mirirck, O'Connell, DeMallie & Lougee, L.L.P., Worcester, MA, for Plaintiff.

Darragh K. Kasakoff, Robert S. Adler, Kevin C. McGee, Seder & Chandler, Worcester, MA, for Debtor–Defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ITS FIFTH CLAIM, DENYING THE PLAINTIFF'S MOTION ON ITS OTHER CLAIMS, AND DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Bankruptcy Judge.

This matter comes before the Court on cross-motions for summary judgment.

The Plaintiff brought its complaint seeking to have the Defendant denied a discharge. *See* 11 U.S.C. § 727(a)(2), (3), (4) & (5). For reasons explained below, the Court grants the Plaintiff's motion as to its fifth claim but denies its motion on its other claims. The Court denies the Defendant's cross-motion.

### Background

The Plaintiff is a judgment creditor of the Defendant due to a judgment entered against the Defendant in state court. The complaint raises several claims which this Court will consider separately.

### Discussion

 The Plaintiff raises six claims objecting to the Defendant's discharge. The Plaintiff need only prevail on one subsection of § 727(a) in order for the Defendant to be denied a discharge. *See Farouki v. Emirates Bank. Int'l, Ltd.*, 14 F.3d 244, 250 (4th Cir.1994)("Proof of conduct satisfying any one of the sub-sections is enough to justify a denial of a debtor's request for a discharge.")

### A. Claims 1 & 2: 11 U.S.C. § 727(a)(2)(A)

The Plaintiff argues that the Defendant should be denied a discharge under 11 U.S.C. § 727(a)(2)(A). First, the Plaintiff claims that the Defendant has transferred partnership payments from his law firm to a checking account maintained solely in the name of the Defendant's wife (hereinafter "Wife"). According to the Plaintiff, the Defendant maintains control of the account. Second, the Plaintiff asserts the Defendant has deposited $100,000 into a Paine Webber account which is also in the Wife's name. Third, the Plaintiff contends that the Defendant has made a $15,000 payment into his retirement account within one year of filing his petition and that the

Defendant has concealed contributions around $51,000 in his retirement plan. The Plaintiff argues that all these transactions were done under the Wife's name so that the assets would be out of the Plaintiff's reach.

The Defendant denies that these transactions were done with the intent to defraud or hinder. Instead, he claims the transactions were meant to protect exempt assets. He claims the monies involved were needed to support his family. Additionally, the Defendant contends that the money deposited into the Paine–Webber account was needed to cover future taxes.

 The burden is on the Plaintiff to show that all the elements of § 727(a)(2)(A) are present. *See Painewebber, Inc. v. Gollomp (In re Gollomp)*, 198 B.R. 433 (S.D.N.Y.1996). To prevail under § 727(a)(2)(A), the Plaintiff must show:

1. That the act complained of was done within the one year period prior to the date of the filing of the petition;

2. That the act was done with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under the Bankruptcy Code;

3. That the actor was the debtor or his duly authorized agent; and

4. That the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of those acts to be done.

*See id.* at 439.

 Courts have noted that finding actual intent is unlikely since this would require the debtor to testify directly regarding his intent. *See Najjar v. Kablaoui (In re Kablaoui)*, 196 B.R. 705, 709 (Bankr.S.D.N.Y.1996). Debtors will not usually admit to intending to act in a

fraudulent way, so fraudulent intent may be inferred from the facts and circumstances of the case. *See In re Gollomp*, 198 B.R. at 438. Fraudulent intent may be inferred from a series of incorrect statements contained in the schedules. *See id.* Courts have stated that a "debtor's reckless indifference to the truth has been held to be equivalent of fraud for purposes of an objection under § 727." *Congress Talcott Corp. v. Sicari (In re Sicari)*, 187 B.R. 861, 871 (Bankr.S.D.N.Y. 1994).

■ Intent to defraud can be inferred when the following "badges of fraud" are present:

1. The lack or inadequacy of consideration;

2. A family, friendship, or close associate relationship between the parties;

3. The retention of position, benefit, or use of the property in question;

4. The financial condition of the party sought to be charged both before and after the transaction in question;

5. The existence or cumulative effect of a pattern or series of transactions or course of conduct after incurring of debt, onset of financial difficulties, or pendency or threat of suit by creditors; and

6. The general chronology of the events and transaction.

*See Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582–83 (2nd Cir.1983).

■ The Court concludes that a question of fact remains; however, the question of fact that remains is limited to whether the Defendant had the requisite intent to hinder, delay, or defraud the Plaintiff when he made these transfers.

### B. *Claim 3: 11 U.S.C. § 727(a)(2)(B)*

The Plaintiff further contends that the Defendant should be denied a discharge under § 727(a)(2)(B) for transferring unnamed assets from his estate to his Wife's account. This section provides that:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be, transferred, removed, destroyed, mutilated, or concealed—

(B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(B).

Again, the Defendant admits to making the transfers but claims the assets were exempt. Because there is a conflict in the evidence of the Defendant's intent, the Court finds that a question of fact remains about whether the Debtor acted with the requisite intent.

### C. *Claim 4: 11 U.S.C. § 727(a)(4)*

Next, the Plaintiff claims that the Defendant made a false oath on the financial statement dated October 24, 1989, in which he listed antique furniture worth $200,000. Later, he listed these assets as having a value of $5,000. The Defendant explains the difference in value by now claiming that his wife owns most of the furniture, and that he only owns $5000 worth of furniture.

Section 727(a)(4) provides that:

(a) The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advan-

tage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. § 727(a)(4).

▪ Under this section, an omission alone from the debtor's statement of affairs or schedules is grounds for denying a discharge. If a debtor fails to fully provide information that is required, the debtor will be denied a discharge under § 727(a)(4). *See In re Sicari,* 187 B.R. at 879. Of course, a debtor may, at times, make a misstatement and prove that the misstatement caused minimal harm to the estate. However, "the determination of relevance and importance of the question is not for the debtor to make." *Nisselson v. Wolfson (In re Wolfson),* 139 B.R. 279, 287 (Bankr.S.D.N.Y.1992)(quoting *Guardian Indus. Prods., Inc. v. Diodati (In re Diodati),* 9 B.R. 804, 808 (Bankr.D.Mass. 1981)).

▪ The Court concludes that a question of fact remains about whether the Defendant acted knowingly and fraudulently when he made the statements regarding the value of the antique furniture. If the Debtor sincerely believed that the financial statement from 1989 requested information about the value of assets belonging to both he and his wife, then he did not act with a fraudulent intent.

### D. Claim 5 & 6: § 727(a)(5)

The Plaintiff alleges that the Defendant should be denied a discharge under § 727(a)(5) because: (1) he failed to adequately explain the differences in value of the antique furniture, and (2) he failed to

explain why his capital account at his law firm in 1989 had a positive value of $400,000 and later had a negative value on his schedules.

▪ Section 727(a)(5) provides as follows:

(a) The court shall grant the debtor a discharge, unless–

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(5). This section is given a broad interpretation and can include any unexplained disappearance or shortage of assets. *See In re Wolfson,* 139 B.R. at 279. *See also Nof v. Gannon (In re Gannon),* 173 B.R. 313 (Bankr.S.D.N.Y.1994)(holding that the Chapter 7 debtor, a diamond broker, failed to satisfactorily explain the loss of diamonds by saying the diamonds had been stolen by a third party and by failing to offer corroborating evidence). In this district, there is no intent required under this section. *See id.* at 317.

▪ Once the movant has established a prima facie case under § 727(a)(5) that there is a loss or deficiency of assets, then the burden shifts to the debtor to make a satisfactory explanation. *See In re Wolfson,* 139 B.R. at 289. The debtor's explanation must convince the court of his good faith and business-like conduct. *See id.* "Vague and indefinite explanations of losses that are based upon estimates, uncorroborated by documentation, are unsatisfactory." *Chalik v. Moorefield,* 748 F.2d 616, 618 (11th Cir.1984).

▪ Here, the Plaintiff has met its burden of making out a prima facie case by establishing a depletion or loss of assets, namely that his 1989 financial statement shows antiques worth $200,000 but now the

Defendant claims only to own $5,000 worth of antiques. The burden shifts to the Defendant to provide a satisfactory explanation.

 The Defendant attributes the negative balance in his capital account to the lapse of 10 years, a change in accounting methods at the law firm, and loss of a valuable asset of the law firm. He attempts to explain away the difference values in the antiques by claiming that his wife owns a majority of the antique furniture separately. He insists he only owns $5,000 worth on his own. According to the Defendant, most of the antiques were purchased by his wife from monetary gifts from his mother-in-law.

The Court finds that the Defendant's explanation for the difference in values of the antiques is not satisfactory. The Defendant admits that he listed the antiques being worth $200,000. He now attempts to claim a majority of the antiques are his wife's sole property. The Defendant provides no documentation to support his claim. His self-serving statements about ownership being in his wife will not suffice.

In a similar case, the debtor attempted to explain a loss of assets by claiming that many of the assets listed previously in a financial statement were in fact his wife's. These assets included a living trust, jewelry, real estate, and a Corvette. Just like the Defendant, the debtor could provide no documentation to substantiate his claims. The court found his explanation unsatisfactory and denied him a discharge under § 727(a)(5). *See BancFlorida v. DePasquale,* 1993 WL 410152, *4–5 (N.D.Ill.).

Likewise, this Court holds that the Defendant has failed to satisfactorily explain the different values in the antiques. Simply claiming that his wife owns the antiques, which is not supported by documentation, is too vague and indefinite. *See id.* The Court will grant the Plaintiff's motion for summary judgment on its fifth claim.

### Conclusion

Accordingly, the Court grants the Plaintiff's motion for summary judgment on its fifth claim, denies its motion for summary judgment as to its other claims, and denies the Defendant's cross-motion for summary judgment. Pursuant to § 727(a)(5), the Court will deny the Defendant a discharge, and a judgment will be entered to that effect.